**WO**                                                                                              KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Todd Luce, | ) No. CV 06-1077-PHX-SMM (VAM) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

Plaintiff Jeremy Todd Luce, confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On July 31, 2006, the Court dismissed the Complaint with leave to amend. Plaintiff filed a First Amended Complaint (Doc. #5) on August 21, 2006. The Court will dismiss the Amended Complaint without leave to amend.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend, because the Amended Complaint cannot be saved by further amendment.

## II. Amended Complaint

Plaintiff names Maricopa County Sheriff Joseph M. Arpaio and the MCSO Jails as Defendants to the Amended Complaint. Plaintiff alleges eight grounds for relief in the Amended Complaint: 1) conditions in the Jail are overcrowded; 2) because of overcrowding, inmates have limited access to the day rooms; 3) inmates receive insufficient outdoor recreation; 4) because of overcrowding, inmates are exposed to excessive noise; 5) conditions in the Jail are unsanitary; 6) inmates receive inadequate medical, dental, and psychiatric care; 7) conditions in the intake areas are overcrowded; and 8) food is handled in an unsanitary manner. In each Count, Plaintiff alleges that the terms of the amended judgment in Hart v. Hill have been violated. Plaintiff seeks monetary damages.

## III. Dismissal without Leave to Amend

In its July 31, 2006 Order, the Court informed Plaintiff that in order to state a claim under § 1983, he must link his alleged injuries with the named Defendants and must also allege a constitutional violation. The Court further informed Plaintiff that while he may bring his own claims before the Court, he may not bring suit to enforce the terms of the amended judgment in Hart v. Hill.

Plaintiff's Amended Complaint is nearly identical to his original Complaint. In the Amended Complaint, Plaintiff again fails to link his injuries with the named Defendants, fails

1 to allege a constitutional violation, and again relies on Hart v. Hill as the basis for his claims.
2 Accordingly, Plaintiff has failed to state a claim for the same reasons discussed in the Court's
3 July 31, 2006 Order, and the Amended Complaint must be dismissed.

Because Plaintiff has failed to amend his claims in accordance with the Court's July 31, 2006 Order, the dismissal of the Amended Complaint will be without leave to amend, and the Court will order that the action be dismissed and judgment entered. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (the Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. # 5) and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 20th day of October, 2006.

Stephen M. McNamee
United States District Judge